PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL ENRIQUE FLORES, | ) | |
| | ) | CASE NO. 4:13cv1460 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| RODRIGUEZ, *chief-security*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Regarding ECF No. 1] |

*Pro se* Plaintiff Angel Enrique Flores filed this *Bivens*[1] action against Northeast Ohio Correctional Center ("NEOCC") Chief of Security, Mr. Rodriguez. ECF No. 1. In the Complaint, Plaintiff alleges Mr. Rodriguez endangered him by referring to him as a confidential informant within hearing distance of other inmates. ECF No. 1 at 3. He asserts claims for "false accusation, harassment, detriment of character . . . . wrong doing, injuries, liability, fraud, wrongful termination, medical malpractice, violation Due Process, violation of Fourteenth Amendment, misapplication of statute, malicious prosecution, lack of jurisdiction" and "violation of the Constitution." ECF No. 1 at 3, 4. He does not specify the relief he seeks.

### I. Background

Plaintiff's Complaint is very brief. He contends only that Rodriguez loudly called out to him referring to him as a confidential informant. ECF No. 1 at 3. Although he denies that he is a confidential informant, he appears to claim other inmates in the prison may have overheard the exchange. ECF No. 1 at 3. He alleges this endangered his life. ECF No. 1 at 4.

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

(4:13cv1460)

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 328 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke, 490 U .S. at 327. An action has no arguable factual basis when the allegations are delusional "or rise to the level of the irrational or wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992); Lawler, 898 F.2d at 1199.

When determining whether the plaintiff has stated a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level [] on the assumption that all the allegations in the complaint are true." Id. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

2

(4:13cv1460)

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### III. Law and Analysis

**A. Previous Action**

Prior to filing this action, Plaintiff filed a substantially similar case based on the same facts as those alleged in this case. *See Flores v. Rodriquez*, Case No. 4:13 CV 1445 (N.D. Ohio filed July 1, 2013)(Pearson, J). Case No. 4:13 CV 1445 was dismissed on November 22, 2013 because Plaintiff failed to allege sufficient facts to support cognizable legal claims. *See id*. (ECF No. 5). Generally, the doctrine of *res judicata* precludes a party receiving a final judgment on the merits of a claim from bringing a later lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). In the earlier filed case, Case No. 4:13 CV 1445, Plaintiff failed to provide enough information to assert a plausible claim for relief. The dismissal of the earlier filed case was not a judgment on the merits of the claims, and, therefore, the doctrine of *res judicata* does not prevent consideration of the case currently before the Court.

3

(4:13cv1460)

### B. Federal Claims

Plaintiff asserts violations of his constitutional rights. Because the constitution does not directly provide for damages, Plaintiff must proceed pursuant to legal authority that authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296, at *1 (6th Cir. 1999) (table decision). *Bivens* provides federal prisoners with a limited cause of action against individual federal government officers acting under color of federal law who are alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). Plaintiff is a federal prisoner incarcerated in NEOCC, a private prison owned and operated by Corrections Corporation of America ("CCA"), a private for-profit corporation.

*Bivens*, however, does not provide relief in all situations. *Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations. *Id*. at 70-71. A *Bivens* action therefore cannot be brought against an entity such as the federal prison, the Bureau of Prisons, or the United States Government. *Id*. at 72. For these same reasons, *Bivens* claims cannot be brought against a private prison corporation. *Id*. at 70-74.

The Supreme Court further declined to extend *Bivens* to the employees of a private prison under certain circumstances. *Minneci v. Pollard*, 565 U. S. ___ , 132 S.Ct. 617, 626 (2012). A federal prisoner seeking damages from privately employed personnel working at a privately operated federal prison for conduct that typically falls within the scope of traditional state tort law must seek relief under state tort law and cannot pursue the cause of action under *Bivens*, even if the plaintiff states that the conduct violated his constitutional rights. *Id*.

Here, Plaintiff asserts claims of constitutional violations against an employee of NEOCC. To determine if Plaintiff has a federal cause of action under *Bivens*, the Court must determine whether

4

(4:13cv1460)

alternative remedies exist to redress the alleged violation of Plaintiff's rights, and whether those alternatives amount to a "convincing reason" to refrain from extending *Bivens* to provide a cause of action. Id. at *6; Wilkie v. Robbins, 551 U.S. 537, 554 (2007). The alternatives need not provide complete relief to preclude the *Bivens* remedy, see Schweiker v. Chilicky, 487 U.S. 412, 425 (1988), and where Congress has created an "elaborate, comprehensive scheme" to address a certain kind of constitutional violation, *Bivens* will generally be unavailable even if that scheme leaves remedial holes. Bush v. Lucas, 462 U.S. 367, 385-386 (1983). Similarly, where the alternative remedies arise under state law, they need not be "perfectly congruent" with the *Bivens* remedy. Minneci, 132 S.Ct. at 625. The question is whether the alternatives "provide roughly similar incentives for potential defendants to comply with [the constitutional requirements] while also providing roughly similar compensation to victims of violations." Id. Mere "patchworks" of remedies arising from an array of different legal sources may be insufficient to foreclose a remedy under *Bivens*. Wilkie, 551 U.S. at 554.

Plaintiff asserts claims for "false accusation, harassment, detriment of character . . . . wrong doing, injuries, liability, fraud, wrongful termination, medical malpractice, violation Due Process, violation of Fourteenth Amendment, misapplication of statute, malicious prosecution, [and] lack of jurisdiction." ECF No. 1 at 3-4. Most of these claims, with the exception of his due process claim, are already state law claims. His due process claim is based on a statement made by Rodriguez in the presence of other inmates which Plaintiff believes endangered his life. Traditional tort law addresses claims for placing another individual in harm's way if a duty is owed to that individual by the actor. Consequently, Plaintiff cannot proceed with his due process claim in a federal civil rights action against the employee of a private prison facility.

5

(4:13cv1460)

### C. State Law Claims

The Court lacks jurisdiction to address Plaintiff's state law claims. Federal subject matter jurisdiction permits a court to consider matters of state tort law based on diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1). The Court equates the citizenship of a natural person with his domicile, *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990), while a corporation is deemed to have the citizenship of its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). "[T]here is a rebuttable presumption that a prisoner retains his former domicile [during] incarceration." *Johnson v. Corrections Corp. of America*, No. 00-4439, 2001 WL 1298982, at * 2 (6th Cir. Aug. 8, 2001) (citing *Stifel v. Hopkins*, 477 F.2d 1116, 1124 (6th Cir. 1973); *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir.1991)). Diversity jurisdiction exists only when the plaintiff is a citizen of a different state than all of the defendants. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

Plaintiff is incarcerated in Ohio— he does not list his prior domicile; Defendant Rodriguez's domicile; or invoke the Court's diversity jurisdiction. Moreover, to establish diversity jurisdiction the amount in controversy must exceed the sum or value of $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Plaintiff does not specify the relief he seeks in this action. A party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The amount of damages claimed by the plaintiff controls if the claim is apparently made in good faith, unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir.2000). Because Plaintiff did not allege sufficient facts to establish diversity of citizenship or specify the amount in controversy, he has not met his burden to establish federal court

6

(4:13cv1460)

jurisdiction for his state law claims. *See Becker v. Clermont County Prosecutor*, 450 Fed. Appx. 438, 439 (6th Cir. 2001) (affirming dismissal on jurisdictional grounds when prisoner specified no damages in the complaint).

### IV. Conclusion

For the reasons explained above, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 December 19 , 2013      __/s/Benita Y. Pearson_____
Date     Benita Y. Pearson
    United States District Judge